**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Estate of Vincent Martin, by and through his personal representative, Chris Martin, and on behalf of his surviving son, Chris Martin,<br><br>           Plaintiffs,<br><br>vs.<br><br>T.L. Dallas, Ltd., a foreign corporation; and Great Lakes Reinsurance (U.K.), PLC, a foreign corporation, et al.,<br><br>           Defendants. | No. CV-08-0546-PHX-DGC<br><br>**ORDER** |

Defendant Great Lakes Reinsurance (U.K.), PLC ("Great Lakes" or "Defendant") has filed a motion to dismiss. Dkt. #7. The Court will grant the motion in part and deny it in part.[1]

**I.     Background.**

On December 3, 2004, Vincent Martin, now deceased, entered into a contract to insure a 47-foot boat, the Rainbow. Dkt. #5 at ¶10. On or around June 23, 2005, it was discovered that the Rainbow had suffered significant damage. *Id.* Invoking the terms of the insurance contract, Vincent Martin and his son Chris Martin sought indemnification for costs incurred from the damage to the boat. *Id.* at 4. Thereafter, the estate of Vincent Martin, through his

---

[1] Defendant's request for oral argument is denied because Defendant has fully briefed its motion and oral argument will not aid the Court's decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

1 personal representative, and Chris Martin (collectively, "Plaintiffs"), filed suit against T.L.
2 Dallas, Ltd., Great Lakes, and others (collectively, "Defendants"), asserting breach of
3 contract and bad faith claims. *Id*. at 4-6.

4 **II.      The Motion to Dismiss.**

5         A court may not dismiss a complaint for failure to state a claim "unless it appears
6 beyond doubt that the plaintiff can prove no set of facts in support of his claims which would
7 entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994). When analyzing
8 a complaint under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and
9 construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d
10 1213, 1217 (9th Cir. 1996). In addition, the court must assume that all general allegations
11 "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano*
12 *Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). The court may not assume, however,
13 that the plaintiff can prove facts different from those alleged. *See Associated Gen.*
14 *Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

15         Defendant's motion seeks to dismiss the amended complaint on the grounds that
16 (1) Plaintiffs' claims are barred by a one-year statute of limitations set forth in the insurance
17 policy, (2) Chris Martin is not an insured within the meaning of the policy and thus cannot
18 claim breach of contract or bad faith, and (3) Plaintiffs may not maintain a bad faith cause
19 of action because the policy's choice of law provision requires that this dispute be governed
20 by New York law, and a separate tort for bad faith is not recognized under New York law.
21 Dkt. #7. Defendant has withdrawn its statute of limitations argument. Dkt. #9 at 9-10.

22 **III.     Chris Martin's Participation in this Action.**

23         Defendant contends that "Chris Martin's claims for breach of contract and bad faith
24 asserted in the [first amended complaint] are barred because he is not an insured under [the
25 policy]." Dkt. #7 at 2. The Court agrees.

26         The first amended complaint notes that this case is being brought in part by Chris
27 Martin "as an insured" under the policy. Dkt. #5 at ¶2. In support of the contention that
28 Chris Martin is an "insured," Plaintiffs state that "his name is on the policy under the

descriptive word 'assured,'" he "had full and complete access to the yacht," he "paid the premiums," and he "handled and negotiated the entirety of the insurance claim from its inception to the present." Dkt. #8 at 13.

A review of the policy indicates that Chris Martin's name is listed only on the address field of the cover sheet in the following form:

> **Assured**:
> Vincent Martin
> 8510 E Jenan Drive
> c/o Chris Martin
> Scottsdale
> AZ 85260

Dkt. #7-4 at 4.[2] This language clearly indicates that the "assured" is Vincent Martin and that he may be contacted at Chris Martin's address. It does not suggest that Chris Martin is the assured. Nor have Plaintiffs cited legal authority suggesting that having access to insured property, making payments towards an insurance policy, or negotiating an insurance claim somehow modifies the terms of the contract and renders a person an insured. To the extent Chris Martin is asserting independent claims of breach of contract or bad faith as an insured under the policy, the Court will dismiss those claims.[3]

## IV. Bad Faith Claim.

Arizona law provides a separate remedy for an insured who believes that an insurer acted in bad faith. *See Zilisch v. State Farm Mut. Auto. Ins. Co.*, 995 P.2d 276, 279 (Ariz. 2000) (en banc) ("The tort of bad faith arises when the insurer 'intentionally denies, fails to process or pay a claim without a reasonable basis.'") (quoting *Noble v. National Am. Life Ins. Co.*, 624 P.2d 866, 868 (Ariz. 1981)). Defendant contends that Plaintiffs cannot maintain a

---

[2] Although a court's review of a motion to dismiss generally is limited to the four corners of the complaint, *see Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir.1990), the parties agree that the Court may consider the language of insurance policy. Dkt. #7 at 2 n.1; Dkt. #8 at 3.

[3] The first amended complaint states that Chris Martin is filing this suit as a "representative, heir and/or surviving son of decedent Vincent Martin and his legal estate[.]" Dkt. #5 at ¶2. Plaintiffs' response to Defendant's motion does not make that assertion, but instead argues that Chris Martin is a plaintiff in his own right. Dkt. #8.

1 bad faith cause of action because the insurance policy selects New York law, and New York
2 law does not recognize an independent cause of action for insurance bad faith. Dkt. #7; *see*
3 *Cont 'l Cas. Co. v. Nationwide Indem. Co.*, 16 A.D.3d 353, 355 (N.Y. App. Div. 2005).

The choice of law provision provides:

> It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the state of New York.

Dkt. #7 at 5. The parties agree that there is no controlling admiralty law on the issues in dispute. *See id.* at 5 n.2. The parties also agree that the Court must look to Arizona law to determine whether this choice of law provision is enforceable. *See* Dkt. #8 at 3-4; Dkt. #9 at 4-8; *see also Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2001).

In Arizona, choice of law provisions are generally enforced, *see Landi v. Arkules*, 835 P.2d 458, 462 (Ariz. App. 1992), but the validity of a particular provision must be assessed under Restatement (Second) of Conflict of Laws § 187, *see Cardon v. Cotton Lane Holdings, Inc.*, 841 P.2d 198, 203 (Ariz. 1992). The Court will accordingly address the validity of the choice of law provision under Restatement sections 187(1) and 187(2). *See U.S. ex rel. EPC Corp. v. Travelers Cas. & Sur. Co. of Am.*, 423 F.Supp.2d 1016, 1020-21 (D. Ariz. 2006).

**A.    Section 187(1).**

This section asks whether "the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue." § 187(1). Stated differently, would Arizona law permit an insurer to require waiver of an insurance bad faith claim in a standard insurance contract?

The parties do not dispute that Vincent Martin was, at all relevant times, a citizen of Arizona entitled to the benefits and protection of Arizona law. Under Arizona law, insurance contracts include an implied covenant of good faith and fair dealing. *See Rawlings v. Apodaca*, 726 P.2d 565, 570 (Ariz. 1986). An "insurance contract and the relationship it creates contain more than the company's bare promise to pay certain claims when forced to do so; implicit in the contract and the relationship is the insurer's obligation to play fairly

- 4 -

with its insured." *Id.*; *see id.* at 571 ("one of the benefits that flow from the insurance contract is the insured's expectation that his insurance company will not wrongfully deprive him of the very security for which he bargained or expose him to the catastrophe from which he sought protection"). The Court thus is confronted with the question of whether an Arizona insured may enter into a contract for security but not fairness – a contract in which the insurer may "provide the promised protection with one hand while destroying the very objects of the relationship with the other." *Id.* Such fairness includes an insurer's obligation to "immediately conduct an adequate investigation, act reasonably in evaluating the claim, . . . act promptly in paying a legitimate claim," and not "force an insured to go through needless adversarial hoops to achieve its rights under the policy" or "lowball claims or delay claims hoping that the insured will settle for less." *Zilisch*, 995 P.2d at 280.

Arizona courts recognize the implied covenant of good faith and fair dealing in part because of "the vast inequities in bargaining power" between insurance companies and insureds. *Norcia v. Equitable Life Assurance Soc'y of U.S.*, 80 F.Supp.2d 1047, 1048 (D. Ariz. 2000) (citation omitted); *see Rawlings*, 726 P.2d at 570 (noting "the disparity in bargaining power" between an insurer and insured) (citation omitted). The implied covenant would be rendered meaningless if insurers with superior bargaining power could simply require Arizona insureds to waive the very remedy created to protect them against the abuse of superior bargaining power. The Arizona cases cited by the parties support the notion that an insured, absent adequate bargaining power or meaningful participation in the negotiation of the insurance contract, may not waive a cause of action for insurer bad faith. *See, e.g., Swanson v. Image Bank, Inc.*, 77 P.3d 439, 443 & n. 5 (Ariz. 2003) (parties to an employment contract could agree to waive an award of treble damages for the bad faith withholding of wages where neither of the parties were "in need of protection from the other's superior bargaining power" and the contract was "negotiated and drafted by competent counsel."); *Liss v. Exel Transp. Services, Inc.*, No. 04-2001, 2007 WL 1040691, at *5 (D. Ariz. April 3, 2007) (holding as valid an employment contract negotiated for eighteen months by an employee – an experienced executive with a graduate degree – where

- 5 -

the employee was able to obtain favorable terms and was able to amend the choice of law provision); *Travelers*, 423 F.Supp.2d 1016 (choice of law provision upheld where the contracting parties were two corporations); *Cardon*, 841 P.2d 198, 203 (choice of law provision upheld where "[b]oth parties to th[e] contract had extensive business experience in transactions of this nature, and the provisions at issue were drafted by [a bank's] attorneys.").[4]

Defendant does not suggest that the insurance contract at issue in this case is anything other than a standard-form contract. Defendant does suggest, however, that Vincent Martin was represented in his purchase of the policy by an experienced insurance broker with bargaining power equal to that of Defendant. Dkt. #9 at 7 n. 9. The relative bargaining power of the parties is, of course, a factual question that the Court cannot resolve on a motion to dismiss. The Court accordingly cannot at this stage conclude that the New York choice of law provision is valid under section 187(1).

**B.     Section 187(2).**

Even if a choice of law provision cannot be found valid under section 187(1), the provision will be given effect under section 187(2) unless (a) "the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice," or (b) "application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state" and the law of the state with the materially greater interest would be the law chosen under Restatement § 188. *See* Restatement § 187(2). Applying these principles, the Court cannot conclude at this stage that the choice of law provision will be enforceable in this case.

First, Defendant contends that "New York law was chosen because pursuant to the

---

[4]Defendant cites to an order from this Court in which a choice of law provision was upheld. Dkt. #9 at 4 (citing *Great Lakes Reinsurance (UK), PLC, v. Orams*, No. 05-0439 (D. Ariz. June 20, 2007)). The order, however, does not provide any indication as to the relative bargaining strength or negotiation involvement of the insured. Moreover, the choice of law provision in *Orams* was triggered upon the *insured's* alleged breach of the contract, thus arguably rendering less pressing any considerations of fairness and equity.

- 6 -

1  Policy the service of suit attorney and agent for service of process reside in New York."
2  Dkt. #9 at 8. The mere location of the statutory agent, however, does not give New York a
3  substantial relationship to this case. The policy was issued to an Arizona resident. The
4  insured and the estate are based in Arizona. Dkt. #5 at ¶3. Defendants are alleged to be
5  British corporations. *Id*. at ¶¶6, 8. The damage to the yacht occurred in French Polynesia.
6  Dkt. #7-2 at 1. The Court cannot conclude that New York has a "substantial" relationship
7  either to the parties or to the events giving rise to the suit.

8  Nor can the Court conclude at this stage that the choice of New York law had another
9  reasonable basis. *See* § 187(2)(a). This question is inherently factual and will require more
10 than a consideration of the pleadings and the language of the policy. Such factual issues
11 cannot be resolved in a motion to dismiss.

12 Second, as noted above, Arizona courts have affirmatively created a cause of action
13 to protect an insured from the unreasonable actions of an insurer. The application of New
14 York law on insurance bad faith would be contrary to the fundamental policy of Arizona, a
15 state with a materially greater interest in this case than New York. *Id*. Whether Arizona law
16 would be chosen under the principles of Restatement § 188, however, also requires an
17 intensely factual inquiry that is not proper in a motion to dismiss. *See* Restatement §§
18 6(2)(a)-(g), 188(2)(a)-(e), 193.

19 Because the Court cannot conclude at this stage of the proceeding that the New York
20 choice of law provision is enforceable, the Court cannot dismiss Plaintiffs' bad faith claim
21 on the ground that it is not recognized by New York law.

22 **IT IS ORDERED** that Defendant's motion to dismiss (Dkt. #7) is **granted** insofar
23 as the amended complaint asserts breach of contract and bad faith claims by Chris Martin.
24 The motion is **denied** in all other respects.

25 DATED this 9th day of July, 2008.

*David G. Campbell*
David G. Campbell
United States District Judge